# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRIENDLY ICE CREAM CORPORATION, *et al.*,[1] | ) | Case No. 11-13167 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FREEZE, LLC, *et al.*,[2] | ) | Case No. 11-13303 (KG) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## MOTION OF THE DEBTORS TO HAVE CERTAIN ENTERED ORDERS APPLY TO NEW DEBTORS PROSPECTIVELY

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this motion (this "Motion"), for the entry of an order, substantially in the form of **Exhibit A**, (the "Supplemental Order"), to (i) have certain orders entered or pending in the chapter 11 cases of the OpCo Debtors (as defined herein) apply to Debtor Freeze, LLC, Debtor Freeze Group Holding Corp., Debtor Freeze Holdings, LP, and Debtor Freeze Operations Holding Corp. (collectively, the "HoldCo Debtors") prospectively, and (ii) granting such other

---

[1] The Debtors in Friendly Ice Cream Corporation, *et al.*, chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, include: Friendly Ice Cream Corporation (3130); Friendly's Restaurants Franchise, LLC (3693); Friendly's Realty I, LLC (2580); Friendly's Realty II, LLC (2581); and Friendly's Realty III, LLC (2583). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1855 Boston Road, Wilbraham, Massachusetts 01095.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Freeze, LLC (9643); Freeze Group Holding Corp. (3232); Freeze Holdings, LP (3099); and Freeze Operations Holding Corp. (5239). The notice address of the Debtors is: 5200 Town Center Circle, Suite 600, Boca Raton, Florida 33486.

and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows.[3]

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 1015(b), 6003(b), and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the relevant statutes relied upon herein and in the motions and orders incorporated by reference herein.

## Relief Requested

4. By this Motion, the Debtors seek to have the Notice and Claims Order (as defined herein) entered in the OpCo Debtors' chapter 11 cases apply to the HoldCo Debtors in these chapter 11 cases, as supplemented by the facts herein. The Debtors further request that Professional Retention Orders (as defined herein) pending in the OpCo Debtors' chapter 11 cases apply to the HoldCo Debtors effective *nunc pro tunc* to the HoldCo Debtors' Petition Date. Finally, the HoldCo Debtors request that the Proposed Applicable Orders (as defined herein) be modified, as follows: (a) the terms "Petition Date," "prepetition," and "postpetition" shall refer to October 14, 2011, and (b) the term "Debtors" shall include the HoldCo Debtors.

## Background

5. The HoldCo Debtors are non-operating entities that either wholly or substantially own, directly or indirectly, Friendly Ice Cream Corporation ("FICC") and certain of its affiliates

---

[3] The facts and circumstances supporting this Motion are set forth in the *Declaration of Steven C. Sanchioni in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "Sanchioni Declaration"), filed contemporaneously herewith.

(the "OpCo Debtors") each of which filed a voluntary petition for relief under the Bankruptcy Code on October 5, 2011.[4] The OpCo Debtors' chapter 11 cases are jointly administered under Case No. 11-13167 (KG) in this Court.

6. OpCo Debtor, FICC, sponsors a single-employer pension plan (the "FICC Pension Plan") subject to Title IV of the Employee Retirement Income Security Act ("ERISA"). FICC had an obligation to make a required quarterly funding payment to the FICC Pension Plan on October 15, 2011. Having filed for bankruptcy on October 5, 2011, FICC did not make the October 15, 2011 payment to the FICC Pension Plan. In certain instances, non-payment of required funding obligations to a company-sponsored pension plans gives rise to enforcement rights under ERISA, including, in some instances, lien rights, in favor of the Pension Benefit Guarantee Corporation (the "PBGC"). The HoldCo Debtors commenced chapter 11 cases prior to the October 15, 2011 missed payment to the FICC Pension Plan due to a concern that the HoldCo Debtors may be alleged to be in a single "control group" of entities with FICC, and, therefore, potentially be jointly and severally liable for the missed payment and subject to potential PBGC remedies or enforcement activities.

**Facts Relevant to this Motion**

**A.    Retention of Notice and Claims Agent**

7. On October 5, 2011, the OpCo Debtors filed the *Debtors' Motion for Entry of an Order Authorizing the Retention and Employment of Epiq Bankruptcy Solutions, LLC as Notice and Claims Agent for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 4]. On October 6, 2011, the Court entered the *Order Authorizing the Retention and*

---

[4] Information regarding the chapter 11 cases of the OpCo Debtors is set forth in the Declaration of Steven C. Sanchioni, Executive Vice President, Chief Financial Officer, Treasurer, and Assistant Secretary of Friendly Ice Cream Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions (the "OpCo First Day Declaration"), filed on October 5, 2011.

*Employment of Epiq Bankruptcy Solutions, LLC as Notice and Claims Agent for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 48] (the "Notice and Claims Order"), approving the Debtors' retention of Epiq Bankruptcy Solutions, LLC as the OpCo Debtors' notice and claims agent.

**B.      Currently Pending Retention Applications**

8.      The OpCo Debtors have a number of professional retention applications pending in the OpCo Debtors' chapter 11 cases, certain of which the HoldCo Debtors would like to apply in these chapter 11 cases. Specifically, the HoldCo Debtors would like orders entered with respect to the following applications (the "Professional Retention Orders," and together with the Notice and Claims Order, the "Proposed Applicable Orders") to apply in these chapter 11 cases:

a. *Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors-In-Possession Nunc Pro Tunc to the Petition Date* [Docket No. 96], requesting the Court to authorize the OpCo Debtors' retention of Pachulski Stang Ziehl & Jones LLP as the OpCo Debtors' local counsel;

b. *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Zolfo Cooper, LLC as Bankruptcy Consultants and Special Financial Advisors for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the Petition Date* [Docket No. 97], requesting the Court to authorize the OpCo Debtors' retention of Zolfo Cooper, LLC as the OpCo Debtors' bankruptcy consultants and special financial advisors; and

c. *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Kirkland & Ellis LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 112], requesting the Court to authorize the OpCo Debtors' employment and retention of Kirkland & Ellis LLP as the OpCo Debtors' attorneys.

**Basis for Relief Requested**

9. Section 105(a) of the Bankruptcy Code provides this Court with the power to grant the relief requested herein by the Debtors. Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has broad equitable powers. *See In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) (noting that section 105(a) of the Bankruptcy Code "has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings."); *In re VII Holdings Co.*, 362 B.R. 663, 668 (Bankr. D. Del. 2007) (noting that section 105(a) bestows broad equitable powers on the Court.") (citing *In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004)).

10. The HoldCo Debtors require the protections and authorizations that this Court granted the OpCo Debtors through the Proposed Applicable Orders in order to enter chapter 11 in an orderly manner and to maintain their ability to effectively administer their estates and, depending on the results of the OpCo Debtors' chapter 11 cases, reorganize successfully. If this Motion is not granted, the HoldCo Debtors will be forced to separately seek essentially the same substantive relief granted in the OpCo Debtors' Orders. Therefore, entry of an order directing that the Proposed Applicable Orders be made applicable to the HoldCo Debtors will eliminate the need to file duplicative notices, motions, applications, and orders in the HoldCo Debtors' chapter 11 cases.

11. For the reasons in the original pleadings filed in connection with the Proposed Applicable Orders, the Debtors believe that the relief requested herein is appropriate to carry out the provisions of the Bankruptcy Code. Furthermore, courts have authorized similar procedures

in other complex chapter 11 cases like this one. *See, e.g.*, *In re Nortel Networks, Inc.*, Case No. 09-10138 (Bankr. D. Del. July 17, 2009); *In re DBSI, Inc.*, Case No. 0812687 (Bankr. D. Del. Jan. 7, 2009); *In re SemCrude, L.P.*, Case No. 08-11525 (Bankr. D. Del. Nov. 6, 2008); *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (Bankr S.D.N.Y Sept. 17, 2008); *In re WorldCom, Inc.*, Case No. 02-13533 (Bankr. S.D.N.Y. Nov. 26, 2002). Accordingly, the Debtors submit that the relief requested is in the best interests of the Debtors, their estates, their creditors and all other parties in interest.

**Notice**

12. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; and (b) unsecured creditors that appear on the list of the top 20 unsecured creditors of the HoldCo Debtors. The Holdco Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

13. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) approving this Motion and the relief requested herein and (b) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: October 18, 2011<br>Wilmington, Delaware | **PACHULSKI STANG ZIEHL & JONES LLP** |

*/s/ Kathleen P. Makowski*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Kathleen P. Makowski (DE Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
  tcairns@pszjlaw.com
  kmakowski@pszjlaw.com

- and -

James A. Stempel (*pro hac vice* admission pending)
Ross M. Kwasteniet (*pro hac vice* admission pending)
Jeffrey D. Pawlitz (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.stempel@kirkland.com
  ross.kwasteniet@kirkland.com
  jeffrey.pawlitz@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*